1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHARLES B. JONES,                         No.  2:12-cv-1647-TLN-EFB P

12              Petitioner,

13       vs.                                    FINDINGS AND RECOMMENDATIONS

14   MATTHEW L. CATE,

15              Respondent.

16

17          Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  He challenges a 2010 judgment of conviction entered against him

19   pursuant to his plea of no contest in the Solano County Superior Court.  He seeks federal habeas

20   relief on the alleged grounds that his trial and appellate counsel rendered ineffective assistance

21   and that his plea of no contest was involuntary.  Upon careful consideration of the record and the

22   applicable law, it is recommended that petitioner's application for habeas corpus relief be denied.

23   **I.  Background**

24          In a pre-sentence report, petitioner's probation officer described the facts underlying the

25   charges as follows:

26              **Count 1:**   The following is summarized from Fairfield Police
                Department crime report #08-08216, dated 02 June 2008.   The
27              victim observed a subject, later identified as the defendant, walking
                out of her garage holding her husband's DeWalt drill case in his
28              hand.   She told the defendant, "You better put that back."   The

                                        1

defendant ran to a vehicle and drove off with the drill case. The victim was able to describe the vehicle, a blue Cherokee Jeep, and provided the license plate number to the police.

Police responded to the address linked to the license plate. The suspect vehicle and defendant were located at the residence. The defendant was in the threshold of the driveway and garage area when he was instructed to sit on the curb in front of the residence. The defendant initially walked into the garage and stood between the front of the suspect vehicle and a workbench, but was subsequently detained. The victim was brought to this residence for a field identification. She was able to identify the defendant as the person who was carrying the drill case from her garage.

The defendant advised officers he was on parole. Inside the garage, a DeWalt drill case was located. The drill and a battery were located in the case. The serial number of the battery in the case matched a serial number of another battery at the victim's home. The property was subsequently returned to the victim.

At the Fairfield Police Department, the defendant was given his *Miranda* admonishment. He stated he did not take the drill or case. He stated they belonged to him and were not stolen. A parole hold was subsequently placed on the defendant.

**Count 2/Dismissed with Harvey Waiver**:   The following is summarized from Fairfield Police Department crime report #08-17120, dated 03 December 2008. The victim was sleeping in his residence when he heard his dog barking, which suggested someone was near his home. He looked out his window and saw a white Chevrolet pickup truck parked on the street. When he exited his front door, he saw an individual, later identified as the defendant, attempting to remove an air compressor from his backyard into his front yard. The air compressor was stored in a latched shed in his backyard.

The victim confronted the defendant. The defendant dropped the air compressor and fled to the truck and drove off. The victim was able to obtain the license plate of the vehicle. Less than a minute later, the defendant returned and offered the victim money to not report this incident to the police. The victim did not accept the money and advised the defendant he was going to call the police. The victim also noticed a chainsaw was missing, but did not know if the defendant took it.

As the police responded to the address that was linked to the truck, the truck was seen in the area and a traffic stop was initiated. A record check revealed the defendant was on parole, which he confirmed. The defendant was detained and a parole search was conducted. The search did not reveal any contraband material.

2

> The victim was able to identify the defendant during an in-field identification even though the defendant changed his clothing. The defendant was taken into custody and given his *Miranda* admonishment. The defendant stated, "It wasn't me. I don't got no statement." A parole hold was also placed on the defendant.

Resp't's Lodg. Doc. 6 at 174-75.

On October 23, 2009, the Solano County District Attorney charged petitioner with two counts of burglary and alleged that petitioner had served four prior prison terms, had suffered one prior strike conviction and two prior serious felony convictions, and was on bail when he committed one of the burglaries. Resp't's Lodg. Doc. 5 at 126-29. On December 9, 2009, petitioner pled no contest to one count of burglary and admitted the prior strike and three prior prison term allegations. *Id.* at 141-46. On June 30, 2010, the trial court sentenced petitioner to a stipulated sentence of 11 years in state prison and ordered the payment of several restitution fines. *Id.* at 187-89, 193.

Petitioner appealed his judgment of conviction to the California Court of Appeal for the First Appellate District, claiming that the abstract of judgment should be modified to accurately reflect the restitution fines orally imposed by the trial court at sentencing. Resp't's Ex. 1. The Court of Appeal modified the abstract of judgment to correct the amount of the restitution fines and affirmed the judgment as modified. *Id.*

Petitioner subsequently filed a petition for writ of habeas corpus in the California Superior Court, claiming that his plea was involuntary and that his trial and appellate counsel rendered ineffective assistance. ECF No. 14-13. The Superior Court denied that petition in a reasoned decision dated November 4, 2011. *Id.*

Petitioner raised the same claims in petitions for a writ of habeas corpus filed in the California Court of Appeal and California Supreme Court. Resp't's Lodg. Docs. 2, 3. Those petitions were summarily denied. ECF No. 14-14; Resp't's Lodg. Doc. 3.

## II. Analysis

### A. Standards of Review Applicable to Habeas Corpus Claims

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28

3

1  U.S.C. § 2254(a).  A federal writ is not available for alleged error in the interpretation or

2  application of state law.  *See Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010); *Estelle v. McGuire*,

3  502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

4      Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas

5  corpus relief:

6      An application for a writ of habeas corpus on behalf of a person in
    custody pursuant to the judgment of a State court shall not be
    granted with respect to any claim that was adjudicated on the merits

7  in State court proceedings unless the adjudication of the claim—

8      (1) resulted in a decision that was contrary to, or involved an
    unreasonable application of, clearly established Federal law, as

9      determined by the Supreme Court of the United States; or

10     (2) resulted in a decision that was based on an unreasonable
    determination of the facts in light of the evidence presented in

11     the State court proceeding.

12     For purposes of applying § 2254(d)(1), "clearly established federal law" consists of

13  holdings of the United States Supreme Court at the time of the last reasoned state court decision.

14  *Thompson v. Runnels*, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing *Greene v. Fisher*, ___ U.S.

15  ___, 132 S.Ct. 38 (2011); *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (citing *Williams v.*

16  *Taylor*, 529 U.S. 362, 405-06 (2000)).  Nonetheless, "circuit court precedent may be persuasive in

17  determining what law is clearly established and whether a state court applied that law

18  unreasonably."  *Stanley*, 633 F.3d at 859 (quoting *Maxwell v. Roe,* 606 F.3d 561, 567 (9th Cir.

19  2010)).

20     A state court decision is "contrary to" clearly established federal law if it applies a rule

21  contradicting a holding of the Supreme Court or reaches a result different from Supreme Court

22  precedent on "materially indistinguishable" facts.  *Price v. Vincent*, 538 U.S. 634, 640 (2003).

23  Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the

24  writ if the state court identifies the correct governing legal principle from the Supreme Court's

25  decisions, but unreasonably applies that principle to the facts of the prisoner's case.[1]  *Lockyer v.*

26  ――――――――――――――

27     [1]  Under § 2254(d)(2), a state court decision based on a factual determination is not to be
    overturned on factual grounds unless it is "objectively unreasonable in light of the evidence
    presented in the state court proceeding."  *Stanley*, 633 F.3d at 859 (quoting *Davis v. Woodford*,

28  384 F.3d 628, 638 (9th Cir. 2004)).

*Andrade*, 538 U.S. 63, 75 (2003); *Williams*, 529 U.S. at 413; *Chia v. Cambra*, 360 F.3d 997, 1002 (9th Cir. 2004).  In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 412; *accord Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer*, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'").  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*,131 S. Ct. at 786-87.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008); *see also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Stanley*, 633 F.3d at 859; *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).  If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc).  "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Richter*, 131 S. Ct. at 784-85.  This

1  presumption may be overcome by a showing "there is reason to think some other explanation for

2  the state court's decision is more likely." *Id.* at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797,

3  803 (1991)).  Similarly, when a state court decision on a petitioner's claims rejects some claims

4  but does not expressly address a federal claim, a federal habeas court must presume, subject to

5  rebuttal, that the federal claim was adjudicated on the merits. *Johnson v. Williams*, 133 S. Ct.

6  1088, 1091 (2013).

7          Where the state court reaches a decision on the merits but provides no reasoning to

8  support its conclusion, a federal habeas court independently reviews the record to determine

9  whether habeas corpus relief is available under § 2254(d).  *Stanley*, 633 F.3d at 860; *Himes v.*

10  *Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).  "Independent review of the record is not de novo

11  review of the constitutional issue, but rather, the only method by which we can determine whether

12  a silent state court decision is objectively unreasonable." *Himes*, 336 F.3d at 853.  Where no

13  reasoned decision is available, the habeas petitioner still has the burden of "showing there was no

14  reasonable basis for the state court to deny relief." *Richter*, 131 S. Ct. at 784.

15          When it is clear, however, that a state court has not reached the merits of a petitioner's

16  claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal

17  habeas court must review the claim de novo.  *Stanley*, 633 F.3d at 860; *Reynoso v. Giurbino*, 462

18  F.3d 1099, 1109 (9th Cir. 2006); *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003).

19      **B.  Petitioner's Claims**

20              **1.  <u>Ineffective Assistance of Trial Counsel</u>**

21          In his first ground for relief, petitioner claims that his trial counsel rendered ineffective

22  assistance in his handling of a pretrial motion to suppress and in failing to obtain a ruling

23  prohibiting "in-court identification."  ECF No. 1 at 6; ECF No. 1-1 at 6-7; ECF No. 21-1 at 12-

24  14.  Petitioner raised this claim for the first time in the California Superior Court, which denied it

25  on the grounds that "[a]fter a criminal defendant has entered a plea, he may only attack the

26  voluntary and intelligent character of the plea."  ECF No. 14-13 at 3.  This court agrees with the

27  reasoning of the Superior Court.

28  /////

1    Trial counsel's performance on the motion to suppress, including any failure to obtain a

2    ruling precluding in-court identification of petitioner took place prior to the entry of petitioner's

3    plea of no contest.  The law is clear that petitioner may not raise claims of deprivation of his

4    constitutional rights that occurred prior to his plea.  "When a criminal defendant has solemnly

5    admitted in open court that he is in fact guilty of the offense with which he is charged, he may not

6    thereafter raise independent claims relating to the deprivation of constitutional rights that

7    occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

8    *See also McMann v. Richardson*, 397 U.S. 759, 770-71 (1970); *Moran v. Godinez*, 57 F.3d 690,

9    700 (9th Cir. 1994) ("As a general rule, one who voluntarily pleads guilty to a criminal charge

10   may not subsequently seek federal habeas relief on the basis of pre-plea constitutional

11   violations"), *overruled on other grounds by Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003);

12   *Ortberg v. Moody*, 961 F.2d 135, 137 (9th Cir. 1992) ("petitioner's nolo contendere plea

13   precludes him from challenging alleged constitutional violations that occurred prior to the entry

14   of that plea"); *Hudson v. Moran*, 760 F.2d 1027, 1029-30 (9th Cir. 1985) (voluntary and

15   intelligent guilty plea precludes federal habeas relief based upon "independent claims" of pre-plea

16   constitutional violations); *United States v. DeVaughn*, 694 F.3d 1141, 1153 (10th Cir. 2012) ("A

17   guilty plea waives all defenses except those that go to the court's subject-matter jurisdiction and

18   the narrow class of constitutional claims involving the right not to be haled into court.").

19   To the extent that petitioner is claiming he received ineffective assistance of counsel

20   premised on his attorney's allegedly faulty advice, he may do so only based upon that advice as it

21   related to the decision to enter his no contest plea.  Any ineffective assistance claims relating to

22   other, earlier actions by his counsel are barred by *Tollett v. Henderson*.  *See Moran*, 57 F.3d at

23   700.  *See also Givens v. Sisto*, No. C 08-05231 JW (PR), 2010 WL 1875766, at *1 (N.D. Cal.

24   May 7, 2010) ("the only challenges left open in federal habeas corpus after a guilty plea is the

25   voluntary and intelligent character of the plea and the nature of the advice of counsel to plead.").

26   Petitioner does not challenge the advice of trial counsel as it related to his decision to plead no

27   contest.  Accordingly, he is not entitled to relief on his claim of ineffective assistance of trial

28   counsel.

1     **2. Involuntary Plea**

2          Petitioner's next ground for relief is a claim that his plea of no contest was involuntary.

3     ECF No. 1-1 at 10-17.  He argues that the record does not "affirmatively show" that he waived

4     his constitutional rights before pleading no contest to the burglary and admitting the prior

5     conviction allegations.  He states that he agreed to enter that plea only because he was "in

6     disbelief" that the trial court had denied his motion for new trial counsel.  *Id.* at 10-11.

7          The California Superior Court denied this claim on the procedural ground that it should

8     have been raised on direct appeal.  ECF No. 14-13 at 2.  The California Court of Appeal and

9     California Supreme Court adopted this reasoning when each of those courts summarily denied the

10    habeas petitions.  *Stanley*, 633 F.3d at 859.  Because the California courts denied petitioner's

11    claim on procedural grounds and not on the merits of the claim, AEDPA's deferential standard

12    does not apply and this court must review the claim de novo.  *See Miranda v. Bennett*, 322 F.3d

13    171, 178 (2d Cir. 2003) (§ 2254(d) requires deference only to state court adjudication on the

14    merits and not to a disposition on procedural or other grounds); *Neal v. Puckett*, 286 F.3d 230,

15    235 (5th Cir. 2002) (en banc) (defining "adjudication on the merits" to be a substantive, rather

16    than a procedural, decision); *Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999) (court declined to

17    apply deferential AEDPA standard because of state court's awareness of, and explicit reliance on,

18    a procedural ground to dismiss petitioner's claim).[2]

19         **a. Background**

20         The state court record reflects that petitioner filed a pre-trial motion for substitute counsel

21    (*Marsden* motion).  Resp't's Ex. 7 at 91-92.  Petitioner planned that if his *Marsden* motion was

22

23         [2]   In the part of its opinion rejecting petitioner's claims of ineffective assistance of
      counsel, the California Superior Court made the following statement: "Petitioner's underlying
24    criminal file (FCR261338) includes a plea form that indicates that Petitioner voluntarily and
      intelligently entered his plea."  ECF No. 14-13 at 3.  The Superior Court also stated that petitioner
25    had failed to set forth "facts or evidence to support that he did not voluntarily and intelligently
      enter the plea."  *Id.* at 3-4.  Assuming arguendo that these statements constitute a decision on the
26    merits of petitioner's claim that his plea of no contest was involuntary, he is still not entitled to
      federal habeas relief under AEDPA.  As discussed below, the state court's rejection of this claim
27    is consistent with relevant federal law and is based on a reasonable interpretation of the facts of
      this case.
28

1    denied he would enter a plea of no contest to some of the charges against him. *Id.* at 91-92, 95.

2    To that end, petitioner had already filled out and signed a negotiated plea agreement, including a

3    waiver of rights form, which his counsel brought to court on the day of the hearing on the

4    *Marsden* motion.  ECF No. 1-9 at 2.  When the *Marsden* motion was denied, petitioner's trial

5    counsel immediately informed the court that petitioner would enter a plea. *Id.*  The following

6    colloquy then occurred:

7              THE COURT:  I didn't anticipate that.  Which case is he pleading
               to, the 269832?
8
               MR. BARRETT (petitioner's counsel):  Your Honor, he'll plead to
9              Count One.  He's going to admit the strike prior, to the middle term
               the admit [sic] the strike prior doubled, plus the three prison priors.
10             Since we discussed this case on Friday, the People have offered 11
               years instead of 13.
11
               THE COURT:  Well, I think that's fair.
12
               MS. ANDERSON (the prosecutor):  It's in 261338.
13
               (Documents proffered to the court.)
14
               Mr. Jones, in case 261338, I have your Waiver of Rights form.  It's
15             dated.  It's signed, and it is initialed.

16             Did you sign and initial this document?

17             THE DEFENDANT:  Yes, ma'am.

18             THE COURT:  Did you go over the contents with your lawyer?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  Do you have any questions?

21             THE DEFENDANT:  No, your Honor.

22             MR. BARRETT:  He is just wanting to request to waive time for
               sentencing.
23
               THE COURT:  Understood.
24
               And the factual basis is being submitted on the preliminary hearing
25             transcript, and the Court would find there is a factual basis for a
               change of plea to Count Two [sic].[3]
26

27    ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
               [3]  It appears that the trial judge meant to reference Count One, to which petitioner was
28    pleading no contest, and not Count Two.

                                                    9

1   And, Mr. Jones, what is your plea to Count One, a violation of
2   Penal Code Section 459, first degree burglary, with a person present?

3   THE DEFENDANT: No contest.

4   THE COURT: I'll accept your no-contest plea.

5   And, additionally, do you admit that you suffered three prior prison
6   terms, pursuant to Penal Code Section 667.5 b, and those are
    alleged on the second amended consolidated information from 1998
    here out of Solano County, as well as 2004 in Solano County, and
7   also 1990 out of San Bernardino County.

8   Do you admit all three of those prior prison terms?

9   THE DEFENDANT: Yes, your Honor.

10  THE COURT: And additionally your client is admitting one strike?

11  MR. BARRETT: Yes.

12  THE COURT: And, sir, do you admit that you suffered three prior
    prison terms, pursuant to Penal Code Section 667 b through i on
13  1170.12 a, specifically that as of July 15th, 1993, a burglary
    conviction out of Solano County?

14
    THE DEFENDANT: Yes.
15
    THE COURT: All right, you admit that as well. I'll accept your
16  plea.

17  Are the remaining counts allegations being dismissed in 261338?

18  MR. ANDERSON:   Yes, your Honor.  I would dismiss with a
    *Harvey* waiver Count Two.  I would strike the 667 a one allegations
19  There's two of them.

20

21  Resp't's Ex. 7 at 83-84.

22              b.  **Applicable Legal Standards**

23       It is clearly established federal law that a guilty plea must be voluntarily, knowingly, and

24  intelligently entered. *Brady v. United States*, 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395

25  U.S. 238, 242 (1969).  The record must reflect that a criminal defendant pleading guilty

26  understands, and is voluntarily waiving, his rights to the privilege against compulsory self-

27  incrimination, to trial by jury and to confront one's accusers. *Boykin*, 395 U.S. at 243.  However,

28  "beyond these essentials, the Constitution 'does not impose strict requirements on the mechanics

1   of plea proceedings.'" *Loftis v. Almager*, 704 F.3d 645, 648 (9th Cir. 2012) (quoting *United*

2   *States v. Escamilla-Rojas*, 640 F.3d 1055, 1062 (9th Cir. 2011), *cert. denied*, ___ U.S. ___, 133

3   S.Ct. 101 (2012)).  *See also Wilkins v. Erickson*, 505 F.2d 761, 763 (9th Cir. 1974) (specific

4   articulation of the *Boykin* rights "is not the sine qua non of a valid guilty plea.").  Rather, if the

5   record demonstrates that a guilty plea is knowing and voluntary, "no particular ritual or showing

6   on the record is required."  *United States v. McWilliams*, 730 F.2d 1218, 1223 (9th Cir. 1984).

7   The long-standing test for determining the validity of a guilty plea is "'whether the plea

8   represents a voluntary and intelligent choice among the alternative courses of action open to the

9   defendant.'"  *Parke v. Raley*, 506 U.S. 20, 29 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31

10  (1970)).  "The voluntariness of [a petitioner's] guilty plea can be determined only by considering

11  all of the relevant circumstances surrounding it."  *Brady*, 397 F.2d at 749.

12          In *Blackledge v. Allison*, 431 U.S. 63 (1977), the Supreme Court addressed the

13  presumption of verity to be given the record of plea proceeding when the plea is subsequently

14  subject to a collateral challenge.  While noting that the defendant's representations at the time of

15  his guilty plea are not "invariably insurmountable" when challenging the voluntariness of his

16  plea, the court stated that, nonetheless, the defendant's representations, as well as any findings

17  made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral

18  proceedings" and that "[s]olemn declarations in open court carry a strong presumption of verity."

19  *Blackledge*, 431 U.S. at 74.  A guilty plea is presumed valid in habeas proceeding when the

20  pleading defendant was represented by counsel.  *Marshall v. Lonberger*, 459 U.S. 422, 437

21  (1983).

22                    c. **Plea of No Contest to Burglary**

23          The state court record in this case includes petitioner's signed "Waiver of Constitutional

24  Rights and Declaration in Support of Defendant's Motion to Change Plea (waiver of rights

25  form)," which he tendered to the trial court when he pled no contest.  Resp't's Ex. 5 at 141-44.

26  Therein, petitioner acknowledged in writing that he had "fully discussed the facts, merits, and

27  possible defenses of this case with my attorney."  *Id.* at 141.  He also waived his rights to a

28  speedy trial and to a trial by jury, the right to confront his accusers, the right to offer evidence on

1   his behalf at a trial, and his right against self-incrimination.  *Id.*  The form advised petitioner of

2   his maximum possible sentence.  *Id.*  Petitioner acknowledged that he was not under the influence

3   of alcohol or narcotics, that he was "of sound mind," and that he understood the nature of the

4   proceedings.  *Id.*  Petitioner also had notice of the nature of the charges against him.  *Id.* at 141-

5   42.  *See Lonberger*, 459 U.S. at 436 (in order for a plea to be voluntary, an accused must receive

6   notice of the nature of the charge against him, "the first and most universally recognized

7   requirement of due process") (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)).

8           Petitioner also affirmed in the waiver of rights form that his attorney had explained the

9   document to him and that he "hereby freely and voluntarily, having full knowledge and

10  understanding of the rights that I am giving up and the possible consequences which may result

11  from my plea, do hereby request the Court to accept my new and different plea."  Resp't's Ex. 5

12  at 143.  Petitioner's trial counsel declared that he had read and explained the waiver of rights

13  form to petitioner, that he was satisfied that petitioner understood the consequences of his plea,

14  that his plea was freely and voluntarily made, and that petitioner's decision to enter a plea was

15  made "only after a full discussion with me of the facts and the law of this case."  *Id.*  In open

16  court, as set forth above, petitioner informed the trial judge that he had signed and initialed the

17  waiver of rights form, that he had discussed its contents with his attorney, and that he had no

18  questions about the document.  This is sufficient for purposes of federal habeas review.

19  *Lonberger*, 459 U.S. at 436.

20          In the petition before this court, petitioner argues that he agreed to plead no contest only

21  because he was "in disbelief" that his *Marsden* motion had been denied.  ECF No. 1-1 at 10.

22  However, the fact that petitioner signed the waiver of rights form prior to his *Marsden* hearing,

23  and that he had agreed to plead no contest before the *Marsden* motion was ruled on, belies this

24  contention.  Petitioner clearly understood there was a chance his *Marsden* motion could be

25  denied.  Under these circumstances, petitioner's assertion that he pled guilty because he was

26  surprised at the trial court's ruling is insufficient to demonstrate that his plea was involuntary.

27          Petitioner also asserts that the trial judge improperly failed to ask him directly "about

28  waiving any of his constitutional rights."  *Id.*  Petitioner is apparently arguing that the judge

1   should have asked him on the record whether he agreed to waive each of his federal constitutional

2   rights instead of simply asking him whether he understood the form he had signed waiving those

3   rights.  This argument lacks merit and should be rejected.  Petitioner cites no case holding that a

4   state trial court must discuss a criminal defendant's waiver of his constitutional rights on the

5   record in open court when the defendant has already waived his rights in writing and orally

6   confirms that he understood the rights that he was waiving through the form that he signed.  As

7   noted above, the Constitution "does not impose strict requirements on the mechanics of plea

8   proceedings." *Loftis*, 704 F.3d at 648.  Rather, the record must affirmatively show that a criminal

9   defendant's guilty plea is intelligent and voluntary. *Boykin*, 395 U.S. at 242-43.  The record in

10  this case makes that showing.

11          Petitioner also argues that his plea of nolo contendere was invalid because the trial court

12  failed to ensure that it was supported by an adequate factual basis.  ECF No. 1-1 at 11-12.

13  However, absent special circumstances not present here, there is no federal constitutional

14  requirement that a no contest plea in state court be supported by a factual basis. *See Loftis*, 704

15  F.3d at 648 (claim of insufficient factual basis to support petitioner's no contest plea,

16  unaccompanied by protestations of innocence, not cognizable on federal habeas); *Rodriguez v.*

17  *Ricketts*, 777 F.2d 527, 528 (9th Cir. 1985) (same with respect to guilty plea).  Accordingly,

18  petitioner is not entitled to federal habeas relief on any such claim.

19          In sum, there is nothing in the record before this court to overcome the presumption that

20  petitioner pled guilty voluntarily and intelligently.  Accordingly, he is not entitled to relief on this

21  claim.

22                  **d.  Admission of Prior Conviction**

23          Petitioner also claims that his admission of the prior conviction allegations was

24  involuntary because the trial court failed to advise him he was entitled to a trial on those

25  allegations when it accepted his no contest plea.  ECF No. 1-1 at 4.

26          In 1972, the Ninth Circuit held that under then-extant California law, an admission of a

27  prior conviction in state court which subjects the accused to an enhanced sentence is the

28  functional equivalent of a guilty plea to a separate charge. *Wright v. Craven*, 461 F.2d 1109,

13

1   1109 (9th Cir. 1972).  Accordingly, the admission is not valid unless the defendant understood the

2   consequences flowing therefrom.  *Id.* at 1110.  However, the Ninth Circuit subsequently

3   interpreted the holding in *Wright* to require only that the trial court determine whether the

4   defendant knowingly and voluntarily agreed to the stipulation of the fact of a prior conviction.

5   *Adams v. Peterson*, 968 F.2d 835, 841 n.4 (9th Cir. 1992).  Several courts have questioned

6   whether *Wright* is still good law.  *See United States v. Reed*, 575 F.3d 900, 928 (9th Cir. 2009);

7   *Sou Hang Saephan v. Schomig*, No. C 09-4658 SI (PR), 2011 WL 5834944 (N.D. Cal. Nov. 21,

8   2011).  Further, the United States Supreme Court has not yet decided whether *Boykin* and *Brady*

9   apply to prior conviction allegations and other Circuit Courts have not held that the *Boykin*

10  requirements apply to admissions of prior convictions.  *See e.g., Adams*, 968 F.2d at 841 n.4

11  (recognizing that this is an issue on which Circuit courts are split).

12         However, the question as to *Wright* need not be decided here.  Assuming arguendo that

13  *Boykin* and *Brady* apply to admissions of prior convictions, for the reasons set forth above the

14  record reflects that petitioner understood and waived his right to a jury trial when he signed the

15  waiver of rights form.  Petitioner has cited no case holding that a defendant must be twice

16  advised, at the same proceeding, that he is entitled to a jury trial on the underlying offense and

17  also on the truth of the prior conviction allegation.  *See Washington v. Kramer*, No. CV 09-5078-

18  DOC (PJW), 2010 WL 1947001 (C.D. Cal. Mar. 29, 2010) (petitioner's waiver of right to jury

19  trial applied to both substantive charge and to prior "strike" allegation); *Tribble v. Hernandez,*

20  No. CV 06-3992 PSG (PLA), 2009 WL 2969480 (C.D. Cal. Sept. 3, 2009) (("Petitioner,

21  however, has cited no Supreme Court case holding that a defendant must be twice advised, at the

22  same proceeding, of his federal rights: first, in connection with his plea on the substantive charges

23  and, second, in connection with the admission of a prior conviction allegation."); *Chan v. A.A.*

24  *Lamarque, Warden*, No. 03-1156MMC, 2004 WL 834694, at *4-5 (N.D. Cal. April 9, 2004)

25  (finding that waiver of constitutional rights applied to prior conviction allegation as well as

26  underlying charge).  In California, such separate advisements are not required. *See, e.g., People v.*

27  *Forrest*, 221 Cal.App.3d 675, 677-81 (1990) (separate advisements are not required in a single

28  /////

1   plea proceeding where the defendant pleads guilty to a current offense and also admits a prior

2   conviction).

3          The court also notes that petitioner and his attorney were aware of the validity of his prior

4   convictions and petitioner chose not to litigate this issue in order to obtain a reduced sentence.

5   There is no evidence in the record that petitioner's prior convictions were invalid.  There is also

6   no evidence in the record that petitioner would have insisted on a jury trial on the prior conviction

7   allegations if he had been separately informed that he had that right.  Further, petitioner had

8   extensive experience with the criminal justice system, including three prior convictions, from

9   which it could reasonably be inferred that he was aware of the relevant circumstances and likely

10  consequences of his admission.  *See Park v. Raley*, 506 U.S. 20, 37 (1992) ( "A defendant's prior

11  experience with the criminal justice system [is] relevant to the question of whether he knowingly

12  waived his constitutional rights.").  It simply appears that petitioner weighed the costs and

13  benefits of stipulating to his prior conviction and made a rational decision to pursue that route in

14  exchange for a stipulated sentence significantly lower than he could have received if he was

15  found guilty after a jury trial.  "'It may be appropriate to presume that in most cases defense

16  counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of

17  what he is being asked to admit.'"  *United States v. Bigman*, 906 F.2d 392, 395 (9th Cir.1990)

18  (quoting *Henderson v. Morgan*, 426 U.S. 637, 647 (1976)).

19          Moreover, even assuming further that petitioner's admission of his prior conviction

20  violated his federal constitutional right to due process, habeas relief still would not be warranted

21  with respect to this claim because petitioner does not challenge the legitimacy of his prior

22  convictions or provide any evidence that they were invalid, and he does not state that he would

23  not have entered the no contest plea if he had been advised of the right to a jury trial on the prior

24  convictions.  *See*, *e.g., Lowell v. Prunty*, 91 F.3d 1358, 1359 (9th Cir.1996) (per curiam) (holding

25  that state trial court's failure to advise petitioner that his admission to prior convictions would add

26  six years to his sentence was harmless error and did not warrant certificate of probable cause to

27  appeal because petitioner did not dispute the validity of his priors) (citing *Brecht v. Abrahamson*,

28  507 U.S. 619, 628–30 (1993); *Steinsvik v. Vinzant*, 640 F.2d 949, 955–56 (9th Cir. 1980) (finding

1  no prejudice from trial court's failure to advise petitioner of sentencing consequences of plea

2  where petitioner did not state directly that he would not have entered plea had he known of them);

3  *Yellowwolf v. Morris*, 536 F.2d 813, 817 (9th Cir.1976) (same).

4        For all of the foregoing reasons, petitioner is not entitled to relief on his claim that his

5  admission of the prior conviction allegations was involuntary.

6              **3.  Ineffective Assistance of Appellate Counsel**

7        Petitioner filed a timely notice of appeal on July 7, 2010, and requested a certificate of

8  probable cause from the California Superior Court.  Resp't's Ex. 4 at 195.  On July 26, 2010, the

9  Superior Court granted a certificate of probable cause on the following claims:  "ineffective

10  waiver of constitutional rights;" "inadequate advisement of rights when admitting prior

11  conviction;" and "denial of *Marsden* hearing."[4]  *Id.* at 195.  Before this court, petitioner claims

12  that in light of the fact that he sought and received a certificate of probable cause from the

13  /////

14

15        [4]  Cal. Penal Code § 1237.5 provides that:

16        No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met:

18        (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings.

21        (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court.

22  In ruling on an application for certificate of probable cause:

23        [t]he trial court's sole objective is to eliminate those appeals 'having no possible legal basis' by refusing to issue a certificate of probable cause.  [Citations.]  Section 1237.5 requires the trial court to certify any arguably meritorious appeal to the appellate courts.  Thus, if the statement submitted by the defendant in accordance with section 1237.5 presents any cognizable issue for appeal which is not clearly frivolous and vexatious, the trial court abuses its discretion if it fails to issue a certificate of probable cause.  [Citations.]

28  *Lara v. Superior Court,* 133 Cal.App.3d 436, 440 (1982) (quoting *People v. Holland*, 23 Cal.3d 77, 84 (1978)).

16

1    Superior Court, his appellate counsel rendered ineffective assistance in failing to challenge the

2    voluntariness of his plea.  ECF No. 1-1 at 13, 16.

3           The California Superior Court denied petitioner's claim of ineffective assistance of

4    appellate counsel in a reasoned decision, as follows:

5                 Petitioner also argues that he suffered from ineffective assistance of
                  counsel (IAC).   Petitioner alleges that his appellate counsel
6                 performed deficiently by failing to raise the following issues on
                  appeal: the trial court did not advise Petitioner that he was giving
7                 up his right to contest the prior conviction allegations; the trial court
                  never found a factual basis for count one when accepting the plea;
8                 and his prior convictions did not support the Penal Code section
                  667.5 enhancements that he received. . .
9
                  Petitioner fails to state a prima facie case for relief for IAC.
10                (*People v. Duvall*, (1995) 9 Cal.4th 464, 475.)

11                With regard to Petitioner's claim of ineffective assistance of
                  appellate counsel, the record is devoid of evidence that appellate
12                counsel made unreasonable decisions in failing to raise the claims
                  Petitioner believes should have been raised on appeal.  (*Strickland
13                v. Washington*, (1984) 466 U.S. 688, 691.)  Petitioner does not
                  provide any facts or reasonably available documentary evidence,
14                such as affidavits from his appellate counsel, stating why these
                  issues were not raised on appeal.  (*Duvall*, 9 Cal.4th at p. 474.)
15
                  Moreover, Petitioner provides no evidence to support the claims he
16                believes should have been raised on appeal, or to show that these
                  claims had any merit.  As such, Petitioner has not shown prejudice.
17                (*See Chapman v. California*, (1967) 386 U.S. 18, 24; *People v.
                  Roldan*, (2005) 35 Cal.4th 646, 735.)
18

19   ECF No. 14-13 at 2-3.

20          The clearly established federal law for ineffective assistance of counsel claims is

21   *Strickland v. Washington*, 466 U.S. 668 (1984).  To succeed on a *Strickland* claim, a defendant

22   must show that (1) his counsel's performance was deficient and that (2) the "deficient

23   performance prejudiced the defense."  *Id.* at 687.  Counsel is constitutionally deficient if his or

24   her representation "fell below an objective standard of reasonableness" such that it was outside

25   "the range of competence demanded of attorneys in criminal cases."  *Id.* at 687–88 (internal

26   quotation marks omitted).  "Counsel's errors must be 'so serious as to deprive the defendant of a

27   fair trial, a trial whose result is reliable.'"  *Richter*, 131 S.Ct. at 787-88. (quoting *Strickland*, 466

28   U.S. at 687).

                                            17

1    A reviewing court is required to make every effort "to eliminate the distorting effects of

2    hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the

3    conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 669; *see Richter*, 131

4    S.Ct. at 789.  Reviewing courts must also "indulge a strong presumption that counsel's conduct

5    falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

6    This presumption of reasonableness means that the court must "give the attorneys the benefit of

7    the doubt," and must also "affirmatively entertain the range of possible reasons [defense] counsel

8    may have had for proceeding as they did." *Cullen v. Pinholster*, ___ U.S. ___, 131 S.Ct. 1388,

9    1407 (2011) (internal quotation marks and alterations omitted).

10    Prejudice is found where "there is a reasonable probability that, but for counsel's

11    unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466

12    U.S. at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the

13    outcome." *Id.*  "The likelihood of a different result must be substantial, not just conceivable."

14    *Richter*, 131 S.Ct. at 792.

15    Under AEDPA, "[t]he pivotal question is whether the state court's application of the

16    Strickland standard was unreasonable." *Id.* at 785.  "[B]ecause the *Strickland* standard is a

17    general standard, a state court has even more latitude to reasonably determine that a defendant has

18    not satisfied that standard." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

19    The Strickland standards apply to appellate counsel as well as trial counsel. *Smith v.

20    Murray*, 477 U.S. 527, 535-36 (1986); *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989).

21    However, an indigent defendant "does not have a constitutional right to compel appointed counsel

22    to press nonfrivolous points requested by the client, if counsel, as a matter of professional

23    judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

24    Counsel "must be allowed to decide what issues are to be pressed." *Id.*  Otherwise, the ability of

25    counsel to present the client's case in accord with counsel's professional evaluation would be

26    "seriously undermined." *Id.  See also Smith v. Stewart*, 140 F.3d 1263, 1274 n.4 (9th Cir. 1998)

27    (Counsel is not required to file "kitchen-sink briefs" because it "is not necessary, and is not even

28    particularly good appellate advocacy.")  There is, of course, no obligation to raise meritless

18

1   arguments on a client's behalf. *See Strickland*, 466 U.S. at 687-88 (requiring a showing of

2   deficient performance as well as prejudice). Thus, counsel is not deficient for failing to raise a

3   weak issue. *See Miller*, 882 F.2d at 1434. In order to establish prejudice in this context,

4   petitioner must demonstrate that, but for counsel's errors, he probably would have prevailed on

5   appeal. *Id.* at 1434 n.9.

6          Petitioner's claims of ineffective assistance of appellate counsel are conclusory, vague,

7   and unsupported by any factual assertions. On this basis alone, this claim should be denied. *See*

8   *Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) ("'[c]onclusory allegations which are not

9   supported by a statement of specific facts do not warrant habeas relief'") (quoting *James v. Borg*,

10  24 F.3d 20, 26 (9th Cir. 1994)).

11         In any event, for the reasons set forth above, this court has concluded that petitioner's

12  claim that his plea was involuntary lacks merit. The failure of an attorney to raise a meritless

13  claim is not prejudicial. *See Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012). In addition,

14  because California law does not require a separate advisement and waiver of rights where a

15  defendant in a single proceeding pleads guilty to a current charge and also admits that he suffered

16  prior convictions, *Forrest*, 221 Cal.App.3d at 575-76, petitioner's appellate counsel would not

17  have prevailed on any such claim. Nor would counsel have prevailed on a claim that the trial

18  court improperly failed to find a factual basis for petitioner's plea to the burglary charge. The

19  state court record reflects that petitioner conceded that the facts upon which his plea was based

20  were contained in the preliminary hearing transcript. Resp't's Ex. 5 at 143. Further, in California

21  a plea of guilty or no contest forecloses an appellate claim that the plea lacks a factual basis.

22  *People v. Voit,* 200 Cal.App.4th 1353, 1365-66 (2011) ("a plea of guilty or no contest forecloses

23  an appellate challenge that the plea lacks a factual basis"). Appellate counsel's decision not to

24  include these claims in petitioner's direct appeal in state court, but instead to focus on claims that

25  counsel believed were more meritorious, was "within the range of competence demanded of

26  attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). Accordingly,

27  petitioner is not entitled to relief on his claim that his appellate counsel rendered ineffective

28  assistance.

1    **III. Conclusion**

2          Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of

3    habeas corpus be denied.

4          These findings and recommendations are submitted to the United States District Judge

5    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6    after being served with these findings and recommendations, any party may file written

7    objections with the court and serve a copy on all parties.  Such a document should be captioned

8    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

9    shall be served and filed within fourteen days after service of the objections.  Failure to file

10   objections within the specified time may waive the right to appeal the District Court's order.

11   *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

12   1991).  In his objections petitioner may address whether a certificate of appealability should issue

13   in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section

14   2254 Cases (the district court must issue or deny a certificate of appealability when it enters a

15   final order adverse to the applicant).

16   DATED:  April 29, 2015.

17                                                   EDMUND F. BRENNAN

18                                                   UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28